1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER ZAHARIDES,                )   Case No.: 1:14-cv-00283 - JLT
                                          )
12              Plaintiff,                 )   ORDER GRANTING PLAINTIFF'S APPLICATION
                                          )   TO PROCEED INFORMA PAUPERIS
13        v.                               )
                                          )   (Doc. 2)
14   CAROLYN W. COLVIN,                    )
     Acting Commissioner of Social Security, )
15                                         )   ORDER DISMISSING COMPLAINT WITH LEAVE
                                          )   TO AMEND
16              Defendant.                 )
                                          )
17   _____

18        Christopher Zaharides ("Plaintiff") seeks to proceed *in forma pauperis* with an action seeking

19   judicial review of a determination of the Social Security Administration denying his application for

20   benefits.  Pending before the Court are the complaint (Doc. 1) and an application to proceed *in forma*

21   *pauperis* (Doc. 2) filed by Plaintiff on February 28, 2014.

22   **I.      Proceeding *in forma pauperis***

23        The Court may authorize the commencement of an action without prepayment of fees "but a

24   person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26   has reviewed the amended motion to proceed *in forma pauperis* and has determined Plaintiff satisfies

27   the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is

28   **GRANTED**.

                                            1

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

1   *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

2   assume their truth and determine whether the facts would make the plaintiff entitled to relief;

3   conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant

4   leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.

5   *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

6   **IV.     Jurisdiction**

7          Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

8   benefits.  (Doc. 1).  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides

9   in relevant part:

10        Any individual, after any final decision of the Commissioner made after a hearing to
          which he was a party, irrespective of the amount in controversy, may obtain a review of
11        such decision by a civil action commenced **within sixty days after the mailing to him
          of such decision or within such further time as the Commissioner may allow**. Such
12        action shall be brought in the district court of the United States for the judicial district
          in which the plaintiff resides, or has his principal place of business . . . The court shall
13        have power to enter, upon the pleadings and transcript of the record, a judgment
          affirming, modifying, or reversing the decision of the Commissioner of Social Security,
14        with or without remanding the cause for a rehearing.

15

16  *Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the

17  Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

18  These regulations "operate as a statute of limitations setting the time period in which a claimant may

19  appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at

20  *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews*

21  *v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The time limit is a condition on the waiver of sovereign

22  immunity, and it must be strictly construed.  *Id.*

23  **V.      Discussion and Analysis**

24         According to Plaintiff, the Appeals Council denied his request for review of the decision

25  rendered by the administrative law judge on December 18, 2013, at which time the decision became

26  the final decision of the Commissioner.  (Doc. 1 at 2).  Therefore, Plaintiff's request for review would

27  be due no later than February 21, 2013.  However, Plaintiff's counsel requested the Appeals Council

28  grant an extension of time of thirty days to file a civil action on February 13, 2013.  (Doc. 1, Exh. 1).

1   Notably, Plaintiff does not allege the Appeals Council granted the extension of time.  Therefore, from

2   the face of Plaintiff's complaint, it does not appear the Court has jurisdiction over the matter.

3   **VI.     Leave to Amend the Complaint**

4          Leave to amend should be granted to the extent that the deficiencies of the complaint can be

5   cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or

6   a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted

7   if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in

8   support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

9   U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt*

10  *Lake Log Owners' Assoc., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

11         Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a finding

12  that the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend the

13  complaint to cure the deficiencies of this complaint by stating the necessary information regarding if

14  and when the request for an extension of time was granted by the Appeals Council.  Failure to cure the

15  deficiencies will result in a recommendation that the matter be dismissed.

16         Local Rule 220 requires that an amended complaint be complete in itself without reference to

17  any prior pleading, and as a general rule, an amended complaint supersedes the original complaint.  *See*

18  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, Plaintiff is informed that the Court cannot refer to

19  a prior pleading in order to make an amended complaint complete.  Once Plaintiff files an amended

20  complaint, the original pleading no longer serves any function in the case.

21         The amended complaint must bear the docket number assigned this case and must be labeled

22  "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will

23  be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will

24  result in dismissal of this action.

25         Accordingly, **IT IS HEREBY ORDERED**:

26     1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

27     2.     Plaintiff's complaint **IS DISMISSED** with leave to amend; and

28     3.     Plaintiff is **GRANTED** thirty (30) days from the date of service of this order to file an

4

1    amended complaint that complies with the requirements of the pertinent substantive

2    law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

3

4  IT IS SO ORDERED.

5    Dated:    **March 4, 2014**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28