**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER LYNN ZAHARIDES,<br><br>        Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:14-cv-00283 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

      Plaintiff Christopher Zaharides initiated this action by filing a complaint on February 28, 2014, seeking judicial review of the decision to denying an application for Social Security benefits. (Doc. 1.) Plaintiff filed a First Amended Complaint on April 2, 2014. (Doc. 4.) The Court authorized service of the complaint, and issued new case documents including its Scheduling Order on April 4, 2014. (Docs. 6, 8.) Pursuant to the Scheduling Order, Defendant lodged the administrative record on August 28, 2014. (Doc. 12.)

      In the Court's Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within 95 days of the lodging of the administrative record. (*See* Doc. 8 at 2-4, explaining the applicable briefing deadlines and requirements.) Therefore, Plaintiff was to file an opening brief in this action no later than December 1, 2014. However, Plaintiff failed to file an opening brief and has not requested an extension of time from the Court.

      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

1

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to prosecute or to follow the Court's Order, or in the alternative to file an opening brief.

IT IS SO ORDERED.

Dated:   **December 29, 2014**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE